UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEZHEN LIU, a.k.a JENNIFER LIU,

                    Plaintiff,

          -against-

NEW YORK-PRESBYTERIAN HOSPITAL;
GRACIE SQUARE HOSPITAL,

                    Defendants.

1:25-CV-10843 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a fully completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted an IFP application, but it seems to be incomplete. In IFP applications that Plaintiff has filed in other civil actions that she has recently brought in this court, Plaintiff indicates that she has significant assets from a settlement. *See Liu v. Marcus Garvey Apartments*, ECF 1:25-CV-5117, 2-1, at 1 (noting, in an IFP application filed on June 17, 2025, that Plaintiff has $98,000 due to a personal-injury settlement); *Liu v. Urban Pathways*, 1:25-CV-5118, 2, at 2 (same); *Liu v. Mayor Eric Adams' Admin.*, ECF 1:25-CV-5119, 2, at 2 (same). Because the Court determined that she had sufficient funds to pay the fees to bring those actions, the Court denied Plaintiff leave to proceed IFP in those actions. *See Liu*, ECF 1:25-CV-5117, 7 (S.D.N.Y. June 18, 2025); *Liu*, ECF 1:25-CV-5118, 6 (S.D.N.Y. June 18, 2025); *Liu*, ECF 1:25-CV-5119, 8 (S.D.N.Y. Aug. 28, 2025). The Court also recently denied Plaintiff leave to proceed IFP in another civil action that she brought in this court because she failed to address her settlement assets in her amended IFP application, following this Court's order granting her leave to file an

amended IFP application or pay the fees to bring that action. *See Liu v. SMBC Manubank*, ECF 1:25-CV-10442, 10 (S.D.N.Y. Jan. 9, 2026).

Plaintiff does not mention those settlement assets in the IFP application that she has filed in this action. Thus, it is unclear whether she has insufficient funds to bring this civil action by paying the fees (and, thus, whether the Court should grant her leave to proceed IFP in this action) and whether she is being truthful as to her financial situation. *See* 28 U.S.C. § 1915(e)(2)(A) (provision in the IFP statute directing the court to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue").

In light of Plaintiff's *pro se* status, the Court directs Plaintiff, within 30 days of the date of this order, to either pay the $405.00 in fees or fully complete (including all information requested; *this specifically includes any information about any settlement assets that Plaintiff has*), sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-10843 (LTS).

No summonses shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action without prejudice.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 21, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge